JULIE M. KIEHNE-LAMKIN, State Bar No. 144019
Attorney at Law
1672 Main Street, Suite E, #116
Ramona, California  92065
Telephone and Fax:  (760) 787-0629
juliekesq@cox.net

Attorney for Plaintiff  STACY THRASHER, an Individual

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STACY THRASHER, an Individual** | **Case No.:  '12CV1690 LAB NLS** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | 1. VIOLATION OF CIVIL RIGHTS (42 U.S.C.§1983; 2. VIOLATIONS OF CALIFORNIA UNRUH/BANES CIVIL RIGHTS ACT; 3. INVASION OF RIGHT OF PRIVACY; 4. TRESPASS/NUISANCE; 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; 6. NEGLIGENCE |
| **COUNTY OF SAN DIEGO, a Public Entity; DEPUTY L. WELLS, BADGE NO. 1584; DEPUTY J. ALLENSWORTH, BADGE NO. 1530; DEPUTY K. BARRETT, BADGE NO. 1441; DEPUTY C. MARTINEZ, BADGE NO. 1472; DEPUTY P. MURPHY-PAREDES, BADGE NO. 2918; DEPUTY M. SHERMAN, BADGE NO. 7018; DEPUTY D. SMITH, BADGE NO. 1250; DEPUTY T. SEIVER, BADGE NO. 7107; and SEARGANT J. KING, BADGE NO. 2312 and DOES 1 through 50, inclusive,** | |
| **Defendants.** | |

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343 for

violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983

and 28 U.S. C. §1331.

2.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because those claims are so related to the federal claims as to form part of the same case or controversy for Article III purposes.

3.      Venue is proper in this district under 28 U.S. C. §§1391(b) because the parties reside and work in this district and the wrongful conduct of defendants took place in this district.

## PARTIES

4.      At all material times mentioned in this Complaint and at the time of the filing of her Complaint, Plaintiff has been a U.S. Citizen adult over the age of 21 years and a resident of unincorporated community of Ramona located in the County of San Diego, State of California.

5.      Defendant COUNTY OF SAN DIEGO ("COUNTY") is and at all times herein mentioned was a public entity existing under the laws of the State of California and is the employer of its SHERIFF'S DEPARTMENT and  the individual Defendants named by their last names, first name initials, and badge numbers, and DOE Defendants 1-50.  At all times mentioned herein, Defendant COUNTY has possessed and exercised the power and authority to adopt policies and prescribe rules, regulations, oversight, and practices affecting the operation of the COUNTY's law enforcement agency, Defendant SHERIFF'S DEPARTMENT.  Specifically, Defendant COUNTY has possessed and exercised the power and authority to adopt policies and prescribe rules, regulations and practices (including tactics, methods, practices, customs and usages) for its SHERIFF'S DEPARTMENT, Substations, Patrol, Internal Affairs Investigations, Citizen's Law Enforcement Review Board ("CLERB") , Training, and Personnel Divisions as well as other operations and subdivisions presently unavailable for plaintiff to allege in this Complaint.  This is due to Defendant COUNTY's, the heavily lobbied and current Public Safety Officers Procedural Bill of Rights Act contained in the current California Government Code

§§3300-3313.

6.     Under California Government Code §815.2, Defendant COUNTY is liable for the wrongful acts hereinafter complained of committed by its SHERIFF'S DEPARTMENT and any of the individual San Diego County Sheriff Department officer Defendants named herein.

7.     On January 25, 2011 Plaintiff filed a CLERB complaint for the misconduct and federal/state Constitutions and set forth in this Complaint. When Plaintiff filed her CLERB complaint, Plaintiff was optimistic and hopeful the Defendants' continuing misconduct would stop. Plaintiff did not know that at the time she filed her CLERB complaint that CLERB's decisions are advisory only. Plaintiff supplied complete and accurate information to CLERB. However, due to the confidentiality of CLERB communications with law enforcement due to the "secrecy" embodied in the current State of California Public Safety Officers Procedural Bill of Rights Act, Plaintiff was not informed as to the law enforcements information provided to CLERB. Despite Plaintiff's full cooperation with CLERB and disclosure of true, verifiable facts, CLERB dismissed her CLERB complaint because it was not verifiable by law enforcement and thus could not be sustained.

8.     On January 30, 2012, Plaintiff filed a Claim against the COUNTY and the on individually  named Defendants for Damages based on incidents commencing July 6, 2010 and continuing to the present in substantial compliance with California Government Code §910 et. seq. The County's Investigation and Claims Division in the Office of County Counsel took no action and mailed a Notice of Return Claim alleging the claim was late. However, Plaintiff disputes this determination as the violations committed by Defendants were continuous through January 2012.

9.     Plaintiff is informed and believes and thereupon alleges that Defendant

3

DEPUTY L. WELLS ("DEPUTY WELLS"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego.  Further, at all times relevant to the acts and omissions herein alleged, DEPUTY WELLS was a deputy sheriff, and was acting in the course and scope of her employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY WELLS's Badge Number is 1584.

10.     Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY J. ALLENSWORTH ("DEPUTY ALLENSWORTH") is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY ALLENSWORTH was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY  ALLENSWORTH's Badge Number is 1530.

11.     Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY K. BARRETT ("DEPUTY BARRETT") is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego.  Further, at all times relevant to the acts and omissions herein alleged, DEPUTY  BARRETT was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY BARRETT's Badge Number is 1441.

12.     Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY C. MARTINEZ  ("DEPUTY MARTINEZ"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times

relevant to the acts and omissions herein alleged, DEPUTY MARTINEZ was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY BARRETT's Badge Number is 1472.

13.     Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY P. MURPHY-PAREDES ("DEPUTY MURPHY-PAREDES"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY MURPHY-PAREDES was a deputy sheriff, and was acting in the course and scope of her employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY MURPHY-PAREDES' Badge Number is 2918.

14.     Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY M. SHERMAN ("DEPUTY SHERMAN"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY SHERMAN was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY SHERMAN's Badge Number is 7018.

15.     Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY D. SMITH ("DEPUTY SMITH"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY SMITH was a deputy sheriff, and was acting

5

in the course and scope of his employment with Defendant COUNTY's SHERIFF'S

DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY

SHERMAN's Badge Number is 1250.

16.    Plaintiff is informed and believes and thereupon alleges that Defendant

DEPUTY T. SEIVER ("DEPUTY SEIVER"), is and at all relevant times mentioned

herein was, a resident of the State of California and County of San Diego.  Further, at all times

relevant to the acts and omissions herein alleged, DEPUTY SEIVER was a deputy sheriff, and

was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S

DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY

SEIVER's SHERIFF'S DEPARTMENT Badge Number is 7103.

17.    Plaintiff is informed and believes and thereupon alleges that Defendant

SEARGANT J. KING ("SEARGANT KING"), is and at all relevant times mentioned herein

was, a resident of the State of California and County of San Diego.  Further, at all times relevant

to the acts and omissions herein alleged, SEARGANT KING was a sheriff with supervisory

authority and responsibility over the individually named Defendant sheriff deputies working

under him, and was acting in the course and scope of his employment with Defendant

COUNTY's SHERIFF'S DEPARTMENT.  Defendant SEARGENT  KING was responsible for

ensuring that the conduct of the deputies in searching, verifying the status of probationers in jail

prior to commencing on a probation violation search, and that no unlawful searches and

trespass/nuisance on private property owned and resided in by private lawful citizens occur.

Further, Defendant SEARGENT KING   had a duty to address and correct improper sheriff

deputy conduct and prevent future incidents of misconduct.  Plaintiff is informed and believes

and thereupon alleges that SEARGANT KING's SHERIFF'S DEPARTMENT Badge Number is

2312.

18.    Plaintiff is unaware of the true names and capacities of Defendants sued

herein as DOES 1 through 50, Defendants.  Plaintiff is informed and believes and thereupon

alleges that these DOE Defendants are legally responsible and liable for the incident,

injuries, and damages set forth herein, and that each of said Defendants  proximately

caused the injuries and damages by reason of neglect, carelessness, deliberate indifference,

 intentional, willful or wanton misconduct in creating and otherwise causing the

incidents, conditions or circumstances hereinafter set forth, or by reason of direct or imputed

negligence or vicarious  fault or breach of duty arising out of the matters alleged.

Plaintiff will seek leave amend this complaint to set forth said true names and identities of the

unknown DOE defendants when their true identities and conduct in violation of Plaintiff's rights

under federal and state law are ascertained.

19.    The individual Defendants named in this complaint are sued individually and in

their capacities as employees of Defendants COUNTY and the SHERIFF'S DEPARTMENT.

The individual defendants are identified by their first name initials, last names, and badge

numbers.

20.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

herein each of the Defendants was the agent, servant, and/or employee of each of the remaining

Defendants and were, in doing the acts herein alleged, acting within the course and scope of such

agency, service and/or employment and with the permission, consent, and authority of other Co-

Defendants and each of them, and each is responsible in some manner for the occurrences

hereinafter alleged and the actions of each proximately caused Plaintiff's injuries.

## **FACTUAL ALLEGATIONS**

21.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20 as though fully set forth herein.

22.    At all times relevant in this Complaint, Plaintiff has been a resident of Ramona, California. Plaintiff owns a home with land located at 202 Kalbaugh Street, in an area of Ramona, designated as the Santa Maria Creek Development and commonly known in the Ramona Community as "the Acres". The roads in the Acres are private and street signs with the "private road" designation are posted throughout the area. The roads are not paved; they are in a natural dirt state. It is common knowledge that when residents of this area request help via 911, fire, paramedic, or sheriff personnel respond very slowly in life or death situations due to the poor condition of the roads and sometimes not at all for non-threatening health and safety calls.

23.    In 2010 Plaintiff had a young adult son, Dalton Thrasher, afflicted with brain damage and injury from a bicycle accident involving a Ramona Sheriff Deputy who threw a bully stick into his front bicycle wheel. For reasons resulting from the bicycle accident, Plaintiff's son was arrested on June 28, 2010 for petty theft and was on probation for a prior petty theft. Ramona Substation Defendants DEPUTIES MARTINEZ and MURPHY arrested him.. These officers booked Plaintiff's son at the Ramona Substation of the San Diego County Sheriff's Department and the Sheriff's Department Substation had him transferred to the George Bailey Detention Facility and entered this arrest and custody information in the SHERIFF'S DEPARTMENT and COUNTY's computer system. This computer system is readily available to to Defendant County's Sheriff Department law enforcement personnel.

24.    On July 6, 2010 at approximately 1:10 p.m. Plaintiff was at work. The

8

individually named Defendants and other Ramona Sheriff officers in 7 marked patrol cars and 2 detective vehicles drove in a caravan on the private roads to Plaintiff's home; Plaintiff's home was surrounded by law enforcement vehicles. The initial reason given for coming to Plaintiff's home was for a "probation search". However, two of the officers present, Defendant Deputies MARTINEZ and MURPHY knew that Dalton Thrasher was in jail as they had arrested and placed him in custody on June 28, 2010.

25. Plaintiff's home was ransacked, all of her personal belongings and other family member's personal belongings were searched. Two of Plaintiff's sons and a family friend were threatened by the officers. The officers conducting the search presented no warrant or paperwork. The "probation search" began at approximately 1:10 p.m. and ended at approximately 1:50 p.m.

26. While the "probation search" was happening in Plaintiff's home with approximately seven officers inside, Plaintiff received a call from one of her sons at home watching and undergoing the search of his room.

27. Distraught from the information she received from one of her sons while at work as to the ransacking and invasion of her home, Plaintiff contacted her personal injury attorney, Joseph J. Rego while the officers were still conducting their "probation search". Attorney Joseph J. Rego personally called Plaintiff's residence during the search and spoke with Defendant SEARGANT KING. SEARGANT KING instructed Attorney Joseph J. Rego to determine the reason for 9 patrol cars and so many officers to conduct a "probation search" when Defendants MARTINEZ and MURPHY knew he was in jail because they arrested him, booked him and transferred him to the George Bailey Detention Facility. Defendant SEARGANT KING instructed Attorney Joseph J. Rego to call a phone number to find out why; the phone number

SEARGANT KING gave to Attorney Rego was for the San Diego County Superior Court,

Ramona Branch (a completely inaccurate and useless number).

28.     Attorney Joseph J. Rego then called the cell phone of one of Plaintiff's sons

who was residing with Plaintiff at the time of the search.  Through the son, the assistant for

Attorney Rego obtained the correct telephone number for Deputy/Detective Wells instructed the

officers that they violated any probation search scope and to vacate the premises. It was upon

these instructions that the Defendant Sheriff officers left Plaintiff's home 15 minutes later and

drove away in their patrol cars.

29.     Following the vacating of the Defendants from Plaintiff's residence, Attorney

Joseph J. Rego's office sent via fax a letter demanding all logs, evidence, proof to substantiate

Detective Wells later disclosed  that it was a "tip". However, at no time did any of

the individual Defendants search the garage or any other common sense place on Plaintiff's

property.  A true and correct copy of the correspondence is attached to this Complaint as Exhibit

"A".

30.  After Plaintiff sought redress for the unjustified warrantless "probation search"

individual Defendant COUNTY Sheriff Deputies began a campaign of harassment to cover up

and rationalize the unreasonable invasion of Plaintiff's home and to retaliate against

Plaintiff for exercising her First Amendment Rights and air her grievance; Defendant COUNTY

Ramona Sheriff Deputies did this by continually driving to Plaintiff's property on a private dirt

road and shining bright spotlights directly pointed to the bedrooms of her home at night; during

the day, Defendant Ramona Sheriff Deputies would park in front of her residence or circling

plaintiff's block multiple times for no apparent justifiable reason.  Plaintiff and her family were

followed and terrorized in retaliation for airing their grievances. A true and correct copy of a

written chronology of these attempts to intimidate and retaliate against Plaintiff is attached as Exhibit "B."

## FIRSTCAUSE OF ACTION

### (VIOLATIONS OF CIVIL RIGHTS ACT [42 U.S.C. §1983])

### (By Plaintiff Against All Defendants)

31.   Plaintiff refers to and re-pleads each and every factual allegation contained in paragraphs 1 through 30 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

32.   This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental search of plaintiff's residential and personal property and trespass without legal consent, exigent circumstance, or other justification.

33.   In addition to the illegal and unjustified search of plaintiff's home, plaintiff is informed and believes DEFENDANTS –PUT IN JULIE further injured Plaintiff with excessive use of authority in filing false reports to justify the illegal invasion and trespass on July 6, 2010 and thereafter in reporting false information to the CLERB in response to Plaintiff's truthful and legitimate grievance.   At all times from swarming to Plaintiff's home for an illegal and unjustified search under false pretenses on July 6, 2010, and falsely misrepresenting to CLERB the Defendant Sheriff Deputies  and DOES 1- 50, acted in a manner that demonstrated deliberate indifference to her constitutional rights. All of the acts of the Defendants were done intentionally, maliciously, and with willful disregard for the rights of plaintiff.

34.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed, through its Defendant SHERIFF'S DEPARTMENT, Defendants DEPUTY WELLS, DEPUTY ALLENSWORTH, DEPUTY BARRETT, DEPUTY MARTINEZ, DEPUTY MURPHY-PAREDES, DEPUTY SHERMAN, DEPUTY SMITH, DEPUTY SEIVER, SEARGANT KING, and DOES 1 -50.  The Defendant COUNTY and Defendant SHERIFF'S DEPARTMENT provided Defendants DEPUTY WELLS, DEPUTY ALLENSWORTH, DEPUTY BARRETT, DEPUTY MARTINEZ, DEPUTY MURPHY-PAREDES, DEPUTY SHERMAN, DEPUTY SMITH, DEPUTY SEIVER, SEARGANT KING and DOES 1 – 50 with official badges and identification cards designating that they were all employed by and acting on behalf of Defendant COUNTY and its Defendant SHERIFF'S DEPARTMENT.

35.     At all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California, COUNTY, and its Defendant Sheriff's Department.  Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the First and Fourth Amendments to the United States Constitution and the laws of the United States, including, but not limited to:

a.      the right to free expression, association, and seek redress for grievances;

b.      the right to be free from unreasonable searches;

c.      the right to be free from the misuse use of authority to harass and intimidate lawful citizens of the United States, including plaintiff;

d.      the right to be free from unlawful trespassing on plaintiff's  private property; and

12

e.     the right to be free from unlawful interference with Plaintiff's private use and enjoyment of her property.

36.     The facts alleged above in this complaint are part of the customs, practices, policies and decisions of Defendant COUNTY, including, but not limited to, the following:

a.     Retaliating against citizens free expression of ideas and criticism of abuse of power by law enforcement and other COUNTY government agencies;

b.     Conducting illegal warrantless searches of private residences without legal justification or legitimate excuse;

c.     Refusing to supervise, reprimand, and/or discipline law enforcement officers/deputies who engage in misconduct contrary to the Constitutions of the United States and the State of California, federal/state laws, rules and regulations, thus condoning the use of conducting of unlawful searches and seizures, and preparing false police reports by officers, deputies and agents;

d.     Inadequate training and supervising employees of the governmental entity, and the Defendants, herein, with respect to legal warrantless searches, the existence of probable cause, the reasonable and proper use of force, investigation of police misconduct, and unbiased evaluation of San Diego County residents' complaints to the County's CITIZEN'S LAW ENFORCEMENT REVIEW BOARD.

37.     The above acts and/or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the COUNTY alleged herein and as applied to Plaintiff resulted in violation of Plaintiff's

13

constitutional rights.

38.    The above acts, omissions, customs, practices, and/or decisions of the COUNTY, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers my appropriately legally undertake in the course of protecting persons or property, or ensuring civil order.  The above acts, omissions, decisions, customs, practices, or policies were consciously chosen from among various alternatives.

39.    Plaintiff is informed and believes, and thereupon alleges, that the details of this incident (as detailed in this complaint)  have been revealed to the authorized policymakers and advisory boards directed by the COUNTY , SHERIFF'S DEPARTMENT, and the COUNTY'S CLERB and that such policymakers have direct knowledge of the fact that this incident was not justified, but rather represented an unconstitutional display of unreasonable, excessive use of i intimidation tactics and force.  Notwithstanding this knowledge, the authorized policymakers within the COUNTY, the SHERIFF'S DEPARTMENT and the CLERB approved of the individually named deputy Defendants' conduct, and have made a deliberate choice to endorse the individually named deputy Defendants' conduct and the basis for their conduct.  By so doing, the affirmative agreements with the individual Defendant deputy's actions, and have ratified the unconstitutional acts of the individually named Deputy Defendants.

40.    Each of the individual Defendants and Defendants COUNTY and the SHERIFF's DEPARTMENT acted in concert, and each of the individual Defendants acted willfully, outrageously, maliciously, with reckless disregard and callous indifference, causing Plaintiff to suffer severe emotional suffering and mental distress, physical pain and injury a criminal

trespass, interference with quiet enjoyment of plaintiff's home residence, fear, anxiety, and mental anguish.

41.     Plaintiff has the Fourth Amendment right to be free from unreasonable searches and seizures, the right to be free from the use of unreasonable, warrantless searches of her home and personal property without legal justification and threats from law enforcement for Plaintiff's assertion of her rights. These rights and privileges are secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution and by 42 U.S.C.§1983. All of these rights were violated by the wrongful conduct of the Defendants, and each of them which proximately caused severe injuries and damage to Plaintiff.

42.     Plaintiff has the First Amendment right to freedom of expression, speech, association, and the right to seek redress for grievances against the government. These rights and privileges are secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution and by 42 U.S.C. §1983. All of these rights were violated by the wrongful conduct of the Defendants, and each of them which proximately caused severe injuries and damage to Plaintiff.

43.     Each of the individually named Defendants, the COUNTY and the SHERIFF'S DEPARTMENT acted in concert, and each of the individual defendants acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprivePlaintiff of her rights and privileges, and did in fact violate her aforementioned rights and privileges thereby justifying exemplary and punitive damages against the individual Defendants sued herein.

44.     As a proximate result of the above-mentioned Defendants' conduct, and each of them, Plaintiff has been required to employ physicians and other healthcare providers to

examine, treat and care for her injuries, and has incurred other incidental medical expenses in an amount according to proof at trial.

45.     As a further result of these acts and/or omissions, Plaintiff has lost past and future wages and his earning capacity has been diminished in an amount to be determined according to proof at trial.

46.     Plaintiff is entitled to and hereby demands costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF CALIFORNIA UNRUH/BANES CIVIL RIGHTS ACT)

### (By Plaintiff Against All Defendants)

47.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 46 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

48.     On or about the above stated dates, Defendants, and each of them violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, The California 51.7, 52(b) and 52.1(h).

49.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as set forth in this complaint in amounts to be determined according to  proof at trial.

50.     Additionally, as a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff is entitled to and hereby demands statutory damages, treble damages, attorney fees from appearance of counsel and costs provided by California Civil Code §§ 52 and 52.1 (h).

## THIRD CAUSE OF ACTION

### (INVASION OF RIGHT OF PRIVACY)

**(By Plaintiff Against the Individual Deputy Sheriff Defendants**

**and Does 1-50, Inclusive)**

51.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 50 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

52.     On July 6, 2010, Plaintiff had a reasonable expectation of privacy in her home. When the individually named Defendants swarmed her home for a "probation" search, defendants exceeded the scope and parameters of a warrantless search and intentionally intruded into Plaintiff's private home, including her room, and other interior rooms outside the scope of any reasonable "probation search".

53.     In doing the warrantless search of plaintiffs by the individually named Defendants herein, each of the individually named Defendant's intrusions would be highly offensive to a reasonable person.

54.     Plaintiff was harmed by the individual Defendant's conduct and their conduct was a substantial factor in causing Plaintiff to suffer severe emotional suffering and mental distress, physical pain and injury, a criminal trespass, anxiety, and mental anguish.

55.     As a proximate result of the above-mentioned Defendants' conduct, and each of them, Plaintiff has been required to employ physicians and other healthcare providers to examine, treat and care for her injuries, and has incurred other incidental medical expenses in an amount according to proof at trial.

56.     As a further result of these acts and/or omissions, Plaintiff has lost past and future

17

wages and her earning capacity has been diminished in an amount to be determined according to proof at trial.

57.    The above-described acts of the individual Defendants were intended to cause injury to Plaintiff and her family and were carried out with a conscious disregard for the rights and safety of Plaintiff and others, thereby justifying exemplary and punitive damages against the individual Defendants sued herein.

## FOURTH H CAUSE OF ACTION

### (TRESSPASS/NUISANCE)

**(By Plaintiff Against All Individually Named Defendants and DOES 1-50)**

58.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 57 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

59.    On July 6, 2010 Plaintiff was the owner of the real property the individual Defendants entered without consent or a warrant.

60.    The individual Defendants intentionally, recklessly and or negligently entered Plaintiff's property.

61.    At no time did Plaintiff give permission to the individual Defendants to enter her home.

62.    Plaintiff was harmed by the individual Defendants' trespass; her house was ransacked in multiple rooms which exceeded the scope of any legitimate probation search as given as the reason for Defendants' trespass.

63.    In addition, Defendant County Deputies repeatedly without justification interfered with Plaintiff's use of her property as set forth in Exhibit "A" and "B" to this complaint

## FIFTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants)

64.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 63 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

65.     On or about July 6, 2010 and thereafter, Plaintiff was entitled to the duty of due care by Defendants in responsible law enforcement, and each of them, including, but limited to, the care, service and protection by Defendants.

66.     On or about July 6, 2010 and thereafter, Defendants, under unlawful color of authority, invaded plaintiff's home under false representations, illegally trespassed, and intentionally caused a nuisance to plaintiff in retaliation for seeking redress against the public law enforcement officers for the illegal search of Plaintiff's home and continuous nuisance. Defendants unlawfully conspired among themselves to cover up their own misconduct in invading plaintiff's home and right to privacy, and interfering Plaintiff in the enjoyment of her home by unnecessary and repeated efforts to intimidate Plaintiff by continuous surveillance and intimidation with bright spotlights and Sheriff Department vehicles during day and nighttime hours without any legal justification.

67.     Each of the individual Defendants acted willfully, outrageously, maliciously, with reckless disregard and callous indifference, causing Plaintiff to suffer severe emotional suffering and mental distress, the indignity of an illegal search of her home, criminal trespass, continuous nuisance, and fear, physical stress, anxiety, and mental anguish.

68.     Defendant COUNTY acted in concert with each of the individual Defendants acted

willfully, outrageously, maliciously, with reckless disregard and callous indifference, causing Plaintiff to suffer severe emotional suffering and mental distress, a criminal trespass, retaliation for exercising her First Amendment rights to free speech and association to seek redress for the wrongs committed upon her, the indignity of an illegal, warrantless search of her home, continuous harassment and interference with the lawful use and enjoyment of her home residence, causing her much anxiety, physical pain and mental anguish.

69.     As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, and Defendant COUNTY OF SAN DIEGO under vicarious liability, including, but not limited to general and punitive damages.

## SIXTH CAUSE OF ACTION

### (NEGLIGENCE)

### (By Plaintiff Against All Defendants)

70.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 69 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

71.     Commencing on or about July 6, 2010 and thereafter, Plaintiff, a lawful American citizen was entitled to the duty of due care by the local government Defendants, and each of them.

72.     Commencing on or about July 6, 2010 and continuing thereafter, the local government Defendants and each of them, breached the duty of due care owed to Plaintiff in that Defendants acted unreasonably and negligently caused Plaintiff injury, harm, and

damage.

73.    As a direct and proximate cause of the wrongful and negligent acts and/or omissions of each of the Defendants, Plaintiff has suffered and continues to suffer severe mental anguish, as well as mental and physical injury.

74.    As a proximate result of the above-mentioned Defendants' conduct, and each of them, Plaintiff has been required to employ physicians and other healthcare providers to examine, treat and care for her injuries, and has incurred other incidental medical expenses in an amount according to proof at trial.

75.    As a further result of these acts and/or omissions, Plaintiff has lost past and future wages and her earning capacity has been diminished in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.    For General damages in an amount to be determined according to proof;

2.    For Special damages according to proof;

3.    For Punitive damages as provided by law, in an amount to be proved against each *individual* Defendant;

///

////

////

21

4.     For attorney's fees pursuant to 42 U.S.C. §1988 and California Civil Code §§52 and 52.1 (h);

5.     For Costs of suit; and,

6.     For such other and further relief as the Court may deem proper.

DATED:   July 6, 2012                         Respectfully submitted,

                                              JULIE M. KIEHNE-LAMKIN
                                              ATTORNEY AT LAW

                                              By:_____
                                                  JULIE M. KIEHNE-LAMKIN, Esq.
                                                  Attorney for Plaintiff STACY THRASHER, an
                                                  Individual


                                    **JURY DEMAND**


Plaintiff STACY THRASHER hereby demands a jury trial in this action.

DATED:   July 6, 2012                         Respectfully submitted,

                                              JULIE M. KIEHNE-LAMKIN
                                              ATTORNEY AT LAW

                                              By:_____
                                                  JULIE M. KIEHNE-LAMKIN, Esq.
                                                  Attorney for Plaintiff STACY THRASHER, an
                                                  Individual

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STACY THRASHER | COUNTY OF SAN DIEGO, a Public Entity (see Attachment to Civil Cover Sheet for additional Defendants) |

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SAN DIEGO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julie M. Klehne-Lamkin Attorney at Law 1672 Main Street  Suite E #116
Ramona, CA  92065 (760)787-0629

Attorneys *(If Known)*

**'12CV1690 LAB NLS**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                         *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC Section 1983

Brief description of cause:
Unreasonable Search Without a Warrant; Invasion of Right of Privacy; Nuisance/Trespass under color of authority

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   *according to proof*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
07/06/2012

SIGNATURE OF ATTORNEY OF RECORD
*Julie M. Klehne-Lamkin*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**ATTACHMENT TO CIVIL COVER SHEET**

**ADDITIONAL DEFENDANTS:**

DEPUTY L. WELLS, BADGE NO. 1584; DEPUTY J. ALLENSWORTH, BADGE NO. 1530; DEPUTY
K. BARRETT, BADGE NO. 1441; DEPUTY C. MARTINEZ, BADGE NO. 1472; DEPUTY P.
MURPHY-PAREDES, BADGE NO. 2918; DEPUTY M. SHERMAN, BADGE NO. 7018; DEPUTY D.
SMITH, BADGE NO. 1250; DEPUTY T.  SEIVER, BADGE NO. 7107; SEARGANT J. KING, BADGE
NO. 2312; and DOES 1 through 50, inclusive