# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY THRASHER, an individual,<br><br>                          Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO, etc., et al.,<br><br>                          Defendants. | CASE NO. 12cv1690-LAB (NLS)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AS COUNSEL; AND**<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL** |

       Plaintiff Stacy Thrasher's attorney, Julie Kiehne-Lamkin, filed a noticed motion to be relieved as counsel. The motion attests to a breakdown of communications and cooperation between attorney and client. According to the motion, Ms. Kiehne-Lamkin needs to move out of California to care for her elderly mother, and a disagreement has arisen over this. Ms. Thrasher also, *pro se*, submitted a letter to the Court which has been accepted for filing. The letter shows Ms. Thrasher agrees she and her attorney cannot work together, and she would like her attorney to withdraw. The Court therefore deems the motion to withdraw (Docket no. 15) unopposed, and **GRANTS** it.

       In addition to consenting to the withdrawal, Ms. Thrasher's letter asks the Court to appoint counsel for her at public expense so that she can effectively prosecute this civil action, in which she seeks relief under 42 U.S.C. § 1983.

The Constitution provides no right to appointment of counsel in a civil case, unless the indigent litigant may lose her physical liberty if she loses the litigation, *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981), which is not the case here. But under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent persons. This discretion is to be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id*. (citation and quotation marks omitted).

Ms. Thrasher's letter brief lacks most of the information the Court would need to make such an evaluation, although it is clear she can articulate her claims on her own if need be. The letter brief also suggests Ms. Thrasher has not attempted to obtain counsel to replace Ms. Kiehne-Lamkin, such as through legal aid organizations or by contacting attorneys who might represent her on a contingency basis.

Because it does not appear the required "exceptional circumstances" are present, the request for appointment of counsel is **DENIED**. Ms. Thrasher is reminded that, unless and until she obtains qualified counsel who makes an appearance for her in this case, she is responsible for litigating this case herself, which includes complying with the Civil Local Rules for this District. *See* Civil Local Rule 83.11 (setting forth requirements for persons appearing without an attorney). *See also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants.")

**IT IS SO ORDERED**.

DATED: December 5, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge