# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY THRASHER, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>COUNTY OF SAN DIEGO, etc., et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 12cv1690-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　In her complaint, Plaintiff Stacy Thrasher brings claims arising from a search of her home and an alleged campaign of harassment by police that followed it. She brings claims under 42 U.S.C. § 1983 for First and Fourth Amendment violations, as well as supplemental state-law claims. Thrasher is proceeding *in forma pauperis*. She was initially represented by counsel, but her attorney was granted leave to withdraw and she is now proceeding *pro se*.

　　　Defendants moved to dismiss based on the statute of limitations, failure to exhaust administrative remedies, and failure to state a claim against the County of San Diego. Because Thrasher is proceeding *in forma pauperis*, the Court is required to dismiss her complaint, *sua sponte*, to the extent it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Thrasher argues that the Court's screening order constitutes law of the case, so dismissal for failure to state a claim is unavailable at this point. But a required screening order is cumulative of, not a substitute for, any subsequent motion to dismiss. *See Teahan v.*

*Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D.Cal. 2007). The statutory language emphasizes this; it requires the Court to dismiss the case "at any time" if the Court determines that the complaint fails to state a claim. *See* § 1915(e)(2).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) if the running of the statute of limitations, or another defense (such as failure to exhaust administrative remedies) is apparent on the face of a complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Thrasher's complaint alleges that her son Dalton, who lived with her, was on probation for petty theft, and on June 28, 2010 was again arrested for petty theft. Two of the Defendants, Deputies Martinez and Murphy, arrested him. On July 6, 2010, while Thrasher was at work. deputies including Martinez and Murphy executed a warrantless probation search on Thrasher's home, which lasted 40 minutes. The search was based on a tip they had received. Thrasher says they never searched the "garage or any other common sense place on Plaintiff's property" for some stolen property, but never says whether she knew what the property was. Thrasher alleges two of her other sons and a family friend were threatened by the officers. A lawyer acting on her behalf inquired into the search at the time, and told officers they had violated the scope of the probation search and should leave. Documentation of Thrasher's and her lawyer's correspondence is attached to the complaint. She claims this amounted to an unreasonable search and seizure, violating her Fourth Amendment rights.

She alleges sheriff's officers also engaged in a campaign of harassment after her lawyer sent them a letter asking for records documenting why they searched the house.

/ / /

/ / /

1    Thrasher lives in a rural area with dirt roads that she says are private.[1] The alleged
2 harassment consisted of police driving past her house, parking or stopping near her house,
3 and on a few occasions shining spotlights on it at night as they drove past. Thrasher's
4 correspondence documents her experiences with law enforcement officers and vehicles in
5 the month after the search. (Docket no. 1-1 at 8–10.)

6    Defendants point out that the search took place on July 6, 2010 and Thrasher filed
7 suit July 7, 2012, one day past the two-year statute of limitations.[2] Thrasher does not dispute
8 that the statute of limitations for her claims is two years, but argues that the period of
9 harassment makes the wrong done to her a continuing violation, and argues her claim did
10 not accrue until August 4, when the alleged harassment apparently ended.

11   Whatever the merits of Thrasher's state-law claims, it is clear her federal cause of
12 action accrued on July 6, 2010, and not later. Accrual of causes of action under § 1983 is
13 determined by federal law, and the accrual date is the date on which a plaintiff can file suit
14 and obtain relief. *Wallace*, 549 U.S. at 388. California law, which the Court applies to
15 determine the accrual date of Thrasher's supplemental claims, is similar; a cause of action
16 accrues on the date a plaintiff knew or had reason to know she has been injured. *See K.J.*
17 *v. Arcadia Unified School Dist.*, 172 Cal. App. 4th 1229, 1236 (Cal. App. 2 Dist. 2009). As
18 soon as Thrasher found out about the search, she "ha[d] reason to know of the injury that
19 is the basis of [her] action." *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058
20 (9th Cir. 2002). Thus, under either federal law or state law, Thrasher's cause of action based

---

[1] Thrasher does not allege she alone owns the roads, only that they are private. *See United States v. Roberts*, 747 F.2d 537, 542 (9th Cir. 1984) (homeowner had no reasonable expectation of privacy in private road to which five other homeowners also had access). But even assuming she could allege the roads were hers alone, it would not change the outcome here because the roads are within the "open fields" doctrine, discussed below.

[2] The Court looks to state laws governing statutes of limitations and the possibility of equitable tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Section 335.1 of the California Code of Civil Procedure, whose application Thrasher does not challenge, provides that actions must be filed within two years of the accrual of a cause of action. California law provides that the statute of limitations for commencement of actions against public entities is mandatory and strictly construed. *See Ard v. County of Contra Costa*, 93 Cal. App. 4th 339, 346 (Cal. App. 1 Dist. 2001); *Loehr v. Ventura Cty Comm. Coll. Dist.*, 147 Cal. Ap. 3d 1071, 1084 (Cal. App. 2 Dist. 1983). Thrasher, who was represented by counsel from the start of the running of the limitations period, identifies no basis for equitable tolling.

on the search accrued on July 6, 2010 and she had two years after that date, *i.e.*, July 6, 2012, to file suit.[3] The later events she alleges, while possibly related, do not amount to an injury for which § 1983 or state law provides any redress.

This case is analogous to *DeGrassi v. City of Glendora*, 207 F.3d 636 (9th Cir. 2000). There, the plaintiff alleged an initial First Amendment violation, followed by what she called a "campaign of harassment and intimidation." *Id*. at 644–45. The panel determined that the plaintiff's "allegations may show a long-standing state of animosity and hostility, marked by incidents of personal conflict between her and other City officials, but they do not establish a series of related wrongful acts." *Id.* In other words, a series of related hostile acts does not give rise to a "continuing wrong," unless the related acts themselves are also wrongful; the mere fact that they are related is not enough.

Here, Thrasher has alleged twenty-two contacts with law enforcement officers in the month following the search. Three of those involved unidentified sheriff's officials merely driving past her house. Four involved unidentified sheriff's officials driving past and shining a spotlight on her house. Three involved them temporarily pulling into her driveway, and seven involved them parking on roads nearby. Two involved unidentified sheriff's officials following a different adult son, Roah, to or from home, and one involved arrests of other people at a raucous party where Roah was present, and where sheriff's deputies berated him for not cooperating and called him a drug dealer. An additional incident involved Thrasher finding a California Highway Patrol officer parked in her driveway, who said he was investigating an accident. The final incident involved Thrasher complaining to and disagreeing with a sheriff's department sergeant about her claim. The details Thrasher has alleged shows the sergeant was requesting documents related to her claim, and Thrasher thought he should not have been investigating it or calling her. Discounting the incident not

---

[3] The usual method of calculating a two-year limitations period under California law is to begin on the day the claim accrued and continue until the same date two years hence. *See, e.g., Low v. City of Sacramento*, 2011 WL 2935858 at *7 (E.D.Cal., July 18, 2011) (claim for false imprisonment began to run on January 12, 2008, the date the plaintiff was released, and expired on January 12, 2010). *Cf. Bullard v. Calif. State Automobile Ass'n*, 129 Cal. App. 4th 211, 217–18 (Cal. App. 4 Dist. 2005) (where automobile accident occurred on June 16, 2002, one-year limitations period expired on June 16, 2003).

- 4 - <span style="float:right">12cv1690</span>

involving the sheriff's department and the quarrel over documents, Thrasher has identified twenty instances of some kind of contact with sheriff's department officers.

Thrasher hasn't alleged what level of patrol by sheriff's officers is normal in her area, but for purposes of analyzing the complaint, the Court will assume it is significantly lower than twenty occasions per month. Nor has she alleged facts showing that the heightened surveillance was intended to intimidate her, and was not motivated by something else such as the fact that two of her sons were suspected of theft and drug dealing. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc) (retaliation claim depends on showing that desire to chill plaintiff's speech was a but-for cause of the allegedly unlawful conduct). And, while Defendants correctly point out Thrasher never alleged who conducted the various acts of surveillance, the Court will assume, *arguendo*, for purposes of analysis it was some kind of concerted effort among Defendants. Even making these assumptions in Thrasher's favor, the fact remains that the alleged campaign of harassment does not amount to any actionable wrong.

To state a claim for retaliation in violation of the First Amendment, Thrasher must allege facts showing that Defendants engaged in conduct that "would chill or silence a person of ordinary firmness from future First Amendment activities." *Lacey,* 693 F.3d at 916. Law enforcement officials commonly engage in actions like those alleged here in the course of patrolling and carrying out their other duties, and no threats or coercion are ordinarily intended or implied. Increasing the frequency of such actions to the degree alleged in this case would not have the effect of coercing or intimidating a person of reasonable firmness.

Thrasher also cannot state a claim for any Fourth Amendment violation arising from any of the later alleged actions. The surveillance of or intrusions onto Thrasher's property are all covered by the "open fields" doctrine. They are far less intrusive than the searches that the Supreme Court in *United States v. Dunn*, 480 U.S. 294 (1987) and *Oliver v. United States*, 466 U.S. 170 (1984) held were covered by that doctrine.

Because the alleged harassment campaign is not actionable, it cannot count as part of a continuing wrong so as to render her § 1983 claims timely.

With regard to the supplemental state-law claims, Defendants argue Thrasher failed to file a timely government claim as required by Cal. Govt. Code §§ 911.2(a) and 945.4. The date the claim was filed is alleged in the complaint, so this defense may properly be raised in a motion to dismiss. *See Von Saher*, 592 F.3d at 969. Compliance with these requirements is mandatory. *See Loehr*, 147 Cal. Ap. 3d at 1084 (citing Cal. Govt Code § 911.2). Thrasher alleges she filed her complaint with the Citizen's Law Enforcement Review Board ("CLERB"), but Defendants cite Cal. Govt. Code § 915(a) for the principle that the complaint must be filed with the county clerk, not a citizen's review board. A complaint must also contain the elements required under Cal. Govt. Code § 910, and Defendants point out Thrasher never alleged that. Defendants also argue the complaint was due within six months, *i.e.*, January 6, 2011, and she first filed her CLERB complaint on January 25, 2011. Thrasher again relies on the continuing violation doctrine to allege her complaint was timely filed.

Thrasher's claims for violations of the Unruh/Banes Civil Rights Act, for invasion of privacy, and for trespass and nuisance, all arise out of the search itself. The only claims based on the later actions is her tort claims for intentional infliction of emotional distress, and for negligence based on vague allegations of mental anguish and physical harm. These claims fail, because Defendants had no duty to avoid driving past, parking near, looking at, or occasionally shining lights on Thrasher's house. Moreover, the conduct described, while potentially annoying, is not outrageous. *See Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) ("Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.") They therefore are not a part of any "continuing wrong" for purposes of compliance with exhaustion requirements.

Because there was no actionable campaign of harassment, Thrasher cannot rely on it as part of a continuing wrong to extend the statute of limitations for her state claims, or the time by which her government claim was due. Thrasher apparently didn't comply with the mandatory exhaustion requirements, and the attempt she made to comply with them was

late. Her state law claims must therefore be dismissed. And, like the federal claims, they are time-barred and cannot be saved by treating later actions as a continuing wrong.

The Court also notes that even if Thrasher's underlying Fourth Amendment claim stemming from the search of her house were not time-barred, it would be dismissed on the merits That search was a probation search, authorized because Thrasher's son Dalton, a resident in her house, had consented to it as a condition of his probation. Defendants therefore were authorized to search all areas under his control, including areas he had joint or common access to. *See generally People v. Woods*, 21 Cal.4th 668 (1999) (discussing authorization for and scope of probation searches, in light of Supreme Court precedent and state law).

Under California law, the fact that Thrasher owned and lived in the house her son Dalton, the probationer, lived in does not authorize her to withhold consent to a search of areas subject to his control. *See People v. Robles*, 23 Cal.4th 789, 798 (2000). She only retained a reasonable expectation of privacy in areas to her own exclusive access or control, and her reasonable expectation depends on officers having no reasonable basis for believing Dalton had authority or control over those areas. *See id.* (citing *Illinois v. Rodriguez*, 497 U.S. 177, 188–89 (1990) and *Woods*, 21 Cal.4th at 682.)

There is no authority for the proposition Thrasher advances, that Dalton no longer lived there because he had been arrested and was in jail. Temporary absence from a home does not mean it is no longer the probationer's residence. *See People v. Alvitre*, 2011 WL 5119005 at *2–3, *7 (Cal. App. 6 Dist., Oct. 27, 2011) (reciting and affirming trial court's determination that, although probationer may have been temporarily absent from his usual abode while participating in a drug rehabilitation program, the residence was still subject to probation search). The pleadings show that the sheriff's deputies were not looking for Dalton himself, but rather were looking for stolen property he may have brought into the house before being arrested, which would have been evidence of a probation violation.

/ / /

/ / /

The only area potentially under Thrasher's exclusive control was her bedroom.[4] But there is no allegation her son did not also have access to that room or, more importantly, that officers had reason to know that. Even if it turned out later that they were wrong about who had access to Thrasher's bedroom, or if they made a reasonable mistake about the law, they would be entitled to qualified immunity. *See Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'")

Defendants argue that Thrasher has not identified a basis, either under federal or state law, for holding the County of San Diego liable. This argument appears to be correct, and Thrasher's opposition to the motion to dismiss does not respond to or dispute it.

For the reasons set forth above, Thrasher's § 1983 claim based on alleged Fourth Amendment violations is **DISMISSED** as time-barred. Her § 1983 claim based on retaliation in violation of the First Amendment is **DISMISSED** for failure to state a claim, and it is clear she could not successfully amend. Her supplemental claims are also time-barred and subject to dismissal for failure to exhaust administrative remedies, except that her claims for negligence and for intentional infliction of emotional distress are dismissed for failure to state a claim. Because it is clear Thrasher cannot successfully amend, this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: August 28, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[4] Exhibit B to the Complaint is Thrasher's own account, identifying some areas of the house and items that had been searched. Some of these include the belongings of Thrasher's other son, Roah, but Thrasher has no standing to complain about searches of other people's belongings. Thrasher might have standing to object to a search of Roah's bedroom. *See United States v. $40,955.00*, 554 F.3d 752, 757 (9th Cir. 2009) (parents who owned and occupied a family had standing to object to a search of their son's bedroom). But there is no indication Dalton didn't have joint access to that room, or that officers had reason to know he didn't.